# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DANIEL COSTA, on behalf of himself and others similarly situated,

    Plaintiff,

v.

AMERILIFE, LLC, a Florida limited liability company, AMERILIFE DIRECT, LLC, a Florida limited liability company, EBACHE, LLC a Florida limited liability company,

    Defendants.

CASE NO. 8:23-cv-1451

## CLASS ACTION COMPLAINT FOR DAMAGES, DECLARATORY AND PERMANENT INJUNCTIVE RELIEF REQUESTED, DEMAND FOR A JURY TRIAL

Plaintiff DANIEL COSTA (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer

Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his

own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that AMERILIFE, LLC ("AMERILIFE"), AMERILIFE DIRECT, LLC ("AMERILIFE DIRECT"), and EBACHE, LLC ("EBACHE") made telemarketing calls to numbers on the National Do Not Call Registry, including his own.

4. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff DANIEL COSTA is an individual residing in South Carolina.

7. Defendant AMERILIFE is a Florida limited liability company located in Clearwater, Florida.

8. Defendant AMERILIFE DIRECT is a Florida limited liability company located in Clearwater, Florida.

9. Defendant EBACHE is a Florida limited liability company located in Oldsmar, Florida.

10. Both Defendant AMERILIFE DIRECT and Defendant EBACHE use the fictitious name SENIOR HEALTHCARE DIRECT.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

12. This Court has general jurisdiction over AMERILIFE, AMERILIFE DIRECT, and EBACHE because each is headquartered in this District.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing calls that are the subject of this lawsuit were sent and organized from the Tampa Division.

## TCPA BACKGROUND

14. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

15. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

16. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

18. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

19. Defendant AMERILIFE, Defendant AMERILIFE DIRECT, and Defendant EBACHE are each a "person" as the term is defined by 47 U.S.C. § 153(39).

20. At no point has the Plaintiff sought out or solicited information regarding Defendant AMERLIFE's, Defendant AMERILIFE DIRECT's, and/or Defendant EBACHE's goods and services prior to receiving the telemarketing calls at issue.

Calls to Plaintiff

21. Plaintiff COSTA's telephone number, 803-XXX-8161, is a residential cellular telephone line.

22. It is not associated with a business and is used by COSTA only.

23. The telephone number has been on the National Do Not Call Registry since February 13, 2016.

24. Despite this, COSTA received five telemarketing calls from AMERILIFE, AMERILIFE DIRECT, and EBACHE.

25. The calls were received on November 22, 2021, December 3, 2021, December 20, 2021, December 31, 2021 and January 3, 2022.

26. All calls came from Caller IDs that were spoofed to be from his (803) area code.

27. This is indicative of the *en masse* calling engaged in by AMERILIFE, AMERILIFE DIRECT, and EBACHE.

28. Mr. Costa rejected the calls because he did not recognize the number.

29. However, it was a representative from AMERILIFE, AMERILIFE DIRECT, and EBACHE calling.

30. The message left on January 3, 2022 asked Plaintiff to call 888-831-2598. Plaintiff called the number on January 3, 2022 and received another message. On January 24, 2022, Plaintiff's wife called the number and spoke to "Kenneth" from Medicare Reward and then was disconnected.

31. Despite the fact that the call was terminated, on January 25, 2022, Plaintiff called the number from his wife's phone and was connected to Consumer Medicare Rewards and transferred to agent Jessica Degener with AMERILIFE and SENIOR HEALTHCARE DIRECT at 855-368-4717.

32. Plaintiff was not interested and ended the solicitation call.

33. The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him sign up for Medicare insurance services.

34. These calls qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

35. Prior to filing this lawsuit, counsel for the Plaintiff contacted AMERILIFE, AMERILIFE DIRECT, and EBACHE.

36. AMERILIFE, AMERILIFE DIRECT, and EBACHE claimed that they have no record of the outgoing call and they do not use pre-recorded messages.

37. AMERILIFE, AMERILIFE DIRECT, and EBACHE's use of an automated dialing platform is a further indication of the *en masse* nature of the calling.

38. Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant(s) because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines and prevented them from receiving legitimate communication.

## CLASS ACTION ALLEGATIONS

39. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of a national class of all other persons or entities similarly situated throughout the United States.

40. The class of persons that Plaintiff proposes to represent are defined as follows (collectively referred to as the "Class"):

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant(s), (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

41. Excluded from the Class are counsel, Defendant(s), any entities in which Defendant(s) has a controlling interest, Defendant(s)'s agents and employees,

8

any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

42. The Class, as defined above, is identifiable through telephone records and telephone number databases.

43. The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

44. Individual joinder of these persons is impracticable.

45. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

46. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

47. Plaintiff and all members of the Class have been harmed by the acts of Defendant(s), including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

48. This class action complaint seeks injunctive relief and money damages.

49. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. whether Defendant(s) systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    b. whether Defendant(s) made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

    c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant(s)'s conduct.

50. Plaintiff's claims are typical of the claims of the Class.

51. Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendant(s) and are based on the same legal and remedial theories.

52. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

53. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method

for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant(s) and/or its agents.

54. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant(s) to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant(s) are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

55. Defendant(s) acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant(s) and/or its affiliates, agents, and/or other persons or entities acting on

Defendant(s)'s behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

56.     Plaintiff repeats his prior allegations of this Complaint from paragraphs 1-55 and incorporates them by reference herein.

57.     The foregoing acts and omissions of Defendant(s) and/or its affiliates, agents, and/or other persons or entities acting on Defendant(s)'s behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

58.     Defendant(s)'s violations were negligent, willful, or knowing.

59.     As a result of Defendant(s)'s, and/or its affiliates, agents, and/or other persons or entities acting on Defendant(s)'s behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

60. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant(s) and/or its affiliates, agents, and/or other persons or entities acting on Defendant(s)'s behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant(s) and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E. An order enjoining Defendant(s) and/or its affiliates, agents, and/or other persons or entities acting on Defendant(s)'s behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

F. An award to Plaintiff and the Class of damages, as allowed by law; and

G.   Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all issues so triable.

Dated: June 29, 2023                    Respectfully submitted,


FERNEE KELLY LAW

*Charlotte F. Kelly*
Charlotte F. Kelly, Esq.
Fla Bar No. 0090105
1600 E. 7th Ave. A200
Tampa, FL 33605
charlotte@ferneekellylaw.com


DUFFIE LAW

*Allison B. Duffie*
Allison B. Duffie, Esq.
Fla Bar No. 649902
2234 North Federal Highway Suite 1196
Boca Raton, FL 33431
allison@duffie.law

*Attorneys for Plaintiff*
*and the Proposed Class*